**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---

ANDREA CHAMBERS,

        *Plaintiff,*

    v.

CAPITAL ONE FINANCIAL CORP.,
*et al.*,

        *Defendants*.

Civil Action No. 25 - 3255 (SLS)

Judge Sparkle L. Sooknanan

---

## MEMORANDUM OPINION

In 2025, Andrea Chambers applied to Capital One for a credit card, and Capital One denied her application. Ms. Chambers sued Capital One Financial Corp. and Capital One, N.A. (collectively, Capital One) in the Superior Court of the District of Columbia, alleging various violations of federal and D.C. law. Capital One removed the case to this Court. Ms. Chambers has since moved to remand, and Capital One has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The Court grants Capital One's motion in part, dismissing Ms. Chambers' federal claims. But it declines to exercise supplemental jurisdiction over Ms. Chambers' D.C.-law claims, and thus grants her request to remand the case to Superior Court.

## BACKGROUND

The Court draws the facts, accepted as true, from the Plaintiff's Complaint and attachments. *Wright v. Eugene & Agnes E. Meyer Found.*, 68 F.4th 612, 619 (D.C. Cir. 2023). Because Ms. Chambers is proceeding pro se, the Court considers the Complaint "in light of all filings, including filings responsive to [the] motion to dismiss." *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015) (per curiam) (cleaned up).

Ms. Chambers' Complaint and other filings do not provide many details about the events that gave rise to this lawsuit. The incident at the core of the case seems to be Capital One's denial of Ms. Chambers' credit card application. *See* Notice of Removal Ex. 1 at 5–6, ECF No. 1-1. In May 2025, Ms. Chambers sent a letter to Capital One asking for information "due to the Fair Credit Reporting Act . . . and the District of Columbia requirements" about a debt that may have contributed to the denial of her application. *See id.* (requesting "[d]ocumentation of the original debt," "[t]he full account number," "the signed contract or document providing evidence of [her] liability and its terms," "[t]he date [the] debt was incurred," "[t]he date of [her] last payment," and "[a]n itemized account of the amount claimed to be owed"). She said that the "[r]eason of [d]ispute" was to "clear and remove inaccurate information" from one of her accounts. *Id.* In response, Capital One explained that it could not provide her with a paper copy of her application because it was taken over the phone or online. *Id.* at 6.

In August 2025, Ms. Chambers sued Capital One in Superior Court. Notice of Removal 2, ECF No. 1. Capital One then removed the case to this Court and filed a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). Notice of Removal; Mot. Dismiss, ECF No. 4. And Ms. Chambers has since moved to remand the case to Superior Court. Mot. Remand, ECF No. 8.

When Ms. Chambers filed her Opposition to Capital One's Motion to Dismiss, she attached as an exhibit a document titled "Motion," in which she requested "leave to amend" under D.C. Superior Court Rule of Civil Procedure 15(a)(2). Mot. Dismiss Opp'n 3, ECF No. 10. Alongside that document, she filed another document titled "Amended Complaint." *Id.* at 4. The Amended Complaint specifies that Ms. Chambers is bringing claims under the Fair Debt Collection Practices

Act (FDCPA), the D.C. Consumer Protection Procedures Act, and the D.C. Debt Collection Law.[1] *Id.* But the factual allegations in the Amended Complaint otherwise track those in her Complaint. Because Ms. Chambers filed these documents at the same time she opposed Capital One's Motion to Dismiss, it is unclear whether she intended to proceed on her original Complaint or instead to amend that Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(A). Because the Court must consider a pro se plaintiff's complaint "in light of all filings," the Court will construe Ms. Chambers' Amended Complaint as clarifying—rather than superseding—her initial Complaint, *Ho v. Garland*, 106 F.4th 47, 50 (D.C. Cir. 2024) (cleaned up), and consider all Ms. Chambers' allegations in her various filings.

Both Capital One's Motion to Dismiss and Ms. Chambers' Motion to Remand are fully briefed and ripe for review. *See* Mot. Dismiss Opp'n, ECF No. 10; Mot. Dismiss Reply, ECF No. 13; Mot. Remand Opp'n, ECF No. 15; Mot. Remand Reply, ECF No. 16.

## LEGAL STANDARD

Under Rule 12(b)(6), a court will dismiss a complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When reviewing a motion to dismiss under Rule 12(b)(6), courts "must construe the complaint in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Hettinga v. United States*, 677 F.3d 471, 476 (D.C. Cir. 2012) (internal quotations omitted). But courts need not accept as true "a legal conclusion couched as a factual allegation," nor an inference unsupported by the facts set forth in the complaint. *See Trudeau v. FTC*, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

---

[1] Ms. Chambers refers to the D.C. Debt Collection Law, D.C. Code § 28–3814, as the "D.C. Protecting Consumers from Unjust Debt Collection Practices Act." Mot. Dismiss Opp'n 4.

This Court must "liberally construe" a pro se litigant's complaint and "consider [the] complaint in light of all filings." *Ho*, 106 F.4th at 50 (cleaned up). "Even a *pro se* complainant, however, must plead factual matter that permits the court to infer more than the mere possibility of misconduct." *Mazza v. Verizon Wash. D.C., Inc*, 852 F. Supp. 2d 28, 33 (D.D.C. 2012) (cleaned up).

"A civil action filed in state court may only be removed to a United States district court if the case could originally have been brought in federal court." *Nat'l Consumers League v. Flowers Bakeries, LLC*, 36 F. Supp. 3d 26, 30 (D.D.C. 2014) (citing 28 U.S.C. § 1441(a)). When a plaintiff moves to remand, "the removing defendant bears the burden of proving that removal was proper[.]" *Simon v. Hofgard*, 172 F. Supp. 3d 308, 315 (D.D.C. 2016). The "[p]arties may submit evidence outside the pleadings, including affidavits, in support of their position." *Arenivar v. Manganaro Midatlantic, LLC*, 317 F. Supp. 3d 362, 367 (D.D.C. 2018) (citing *Walter E. Campbell Co. v. Hartford Fin. Servs. Grp., Inc.*, 48 F. Supp. 3d 53, 55 (D.D.C. 2014)). If "the propriety of removal is unclear," remand is generally favored. *Id.* (cleaned up). "When it appears that a district court lacks subject matter jurisdiction over a case that has been removed from a state court, the district court must remand the case[.]" *Republic of Venezuela v. Philip Morris Inc.*, 287 F.3d 192, 196 (D.C. Cir. 2002) (citing 28 U.S.C. § 1447(c)).

## DISCUSSION

### A. Jurisdiction

The Court begins with assessing its jurisdiction. Ms. Chambers contends that Capital One has failed to demonstrate that this Court has jurisdiction to adjudicate her claims. Mot. Remand 1. And "a court must always assure itself of its subject-matter jurisdiction regardless of whether a party has raised a challenge." *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018). The two most common types of federal subject-matter jurisdiction are

federal-question jurisdiction, 8 U.S.C. § 1331, and diversity jurisdiction, *see id.* § 1332. Federal question jurisdiction comprises "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. And courts have diversity jurisdiction when, as relevant here, "the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states." *Id.* § 1332. Ms. Chambers contends that this Court lacks jurisdiction because the amount in controversy is less than $75,000, and the Parties are not citizens of different states. Mot Remand 1. She is correct that the Court lacks diversity jurisdiction because, as clarified by the Amended Complaint, Ms. Chambers seeks only $6,000 in damages. *See* Mot. Dismiss Opp'n 4. Nevertheless, the Court has federal-question jurisdiction over any claims arising under federal statutes—such as the FDCPA—raised in her Amended Complaint. *See id.* So it may proceed to the pending motions.

### B.    Motion to Dismiss

The Court turns to Capital One's Motion to Dismiss. Admittedly, the nature of Ms. Chambers' claims is not entirely clear. Her Amended Complaint alleges violations of the FDCPA, D.C. Consumer Protection Procedures Act, and the D.C. Debt Collection Law. *Id.* For its part, Capital One appears to interpret Ms. Chambers' Complaint as raising a claim under the Fair Credit Reporting Act (FCRA), as well as claims for breach of contract and negligence. Mot. Dismiss 3–5. The Court concludes that any claims raised under the FCRA or FDCPA must be dismissed. And for the reasons explained below, the Court declines to exercise supplemental jurisdiction over any remaining D.C.-law claims and therefore does not address those claims.

*Federal Credit Reporting Act.* Capital One interprets Ms. Chambers' Complaint as raising a claim under the FCRA. *Id.* at 1. "The FCRA was enacted 'to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy.'" *Berlin v.*

*Bank of Am., N.A.*, 101 F. Supp. 3d 1, 22 (D.D.C. 2015) (quoting *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007)); *see* 15 U.S.C. § 1681 *et seq.* After Capital One moved to dismiss the FCRA claim, this Court ordered Ms. Chambers to respond and warned her that if she "oppos[ed] the Motion but address[ed] only some of the Defendants' arguments, the Court may treat the arguments that [she] failed to address as conceded." Order at 1, ECF No. 5. That is what happened here. Ms. Chambers opposed Capital One's Motion solely on the basis of a lack of subject-matter jurisdiction. Because she did not respond to Capital One's argument that the Complaint failed to plausibly state a claim under the FCRA, the Court will treat that argument as conceded. *See Xenophon Strategies, Inc. v. Jernigan Copeland & Anderson, PLLC*, 268 F. Supp. 3d 61, 72 (D.D.C. 2017); *Hopkins v. Women's Div., Gen. Bd. of 2 Glob. Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded."), *aff'd*, 98 F. App'x 8 (D.C. Cir. 2004). The Court will dismiss any FCRA claim raised by Ms. Chambers.

*Fair Debt Collection Practices Act.* In her Amended Complaint, Ms. Chambers alleges a violation of the FDCPA, 15 U.S.C. § 1692 *eq seq.* Mot. Dismiss Opp'n 4. The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). It "imposes civil liability on debt collectors for certain prohibited debt collection practices." *Petway v. Santander Consumer USA Inc.*, No. 22-cv-3100, 2024 WL 3443765, at *11 (D.D.C. July 17, 2024) (cleaned up). But "[t]he FDCPA applies only to a debt collector," defined as "a person in interstate commerce in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another." *Knight v. Exeter Fin. LLC*, No. 23-cv-2850, 2024 WL 3887385,

at *2 (D.D.C. Aug. 20, 2024) (internal quotation marks omitted) (first quoting *Bank of N.Y. Mellon Tr. Co. N.A. v. Henderson*, 862 F.3d 29, 33 (D.C. Cir. 2017); and then quoting 15 U.S.C. § 1692a(6)).

"Even liberally construing her pleadings, the court finds that [Ms. Chambers] has not alleged that [Capital One] is a debt collector." *Id.* The only place in Ms. Chambers' filings that mentions a debt is the letter to Capital One that she attached to her Complaint. In it, she requests that Capital One provide her information about a debt, including "[d]ocumentation," "[t]he full account number," and the date that the debt was incurred. *See* Notice of Removal Ex. 1 at 5. If anything, this raises an inference that Capital One is a creditor, not a debt collector. 15 U.S.C. § 1692a(4) ("The term 'creditor' means any person who offers or extends credit creating a debt or to whom a debt is owed[.]"). Because nothing in Ms. Chambers' filings indicates that Capital One is a debt collector, the Court must dismiss her claim under the FDCPA.

### C.    Motion to Remand

Finally, the Court addresses Ms. Chambers' Motion to Remand. Having concluded that Ms. Chambers' federal claims must be dismissed, the remaining claims are for breach of contract and negligence, as well as claims arising under the D.C. Consumer Protection Act and the D.C. Debt Collection Law. Courts may exercise supplemental jurisdiction over state-law claims that "are 'so related . . . that they form part of the same case or controversy' as claims over which a federal court has original jurisdiction." *Joyner v. Morrison & Foerster LLP*, 140 F.4th 523, 536 (D.C. Cir. 2025) (quoting 28 U.S.C. § 1367(a)). "By the same token, [courts] 'may decline to exercise supplemental jurisdiction over [such] claim[s] . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]'" *Floyd v. PNC Mortg.*, 216 F. Supp. 3d 63, 68 (D.D.C. 2016) (quoting 28 U.S.C. § 1367(c)). "Whether to retain jurisdiction over pendent state

and common law claims after the dismissal of the federal claims is 'a matter left to the sound discretion of the district court[.]'" *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423 (D.C. Cir. 2005) (quoting *Edmonson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265–66 (D.C. Cir. 1995)).

"[I]n the usual case in which all federal-law claims are dismissed before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at 424 (alteration in original) (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). This is such a case. Although remand might result in a minor loss in judicial economy, "[g]iven the early stage of these proceedings and the fact that discovery has not yet taken place, it is not overly inconvenient nor unfair to the parties to decline supplemental jurisdiction." *Mattwaoshshe v. United States*, 557 F. Supp. 3d 28, 44 (D.D.C. 2021). Further, there are few cases interpreting the D.C. Debt Collection Law since it was amended in 2022, *see Bell v. Weinstock, Friedman & Friedman, P.A.*, 341 A.3d 1, 16 (D.C. 2025), and the D.C. courts are better positioned to develop the law on that statute, *see Cannon v. District of Columbia*, 10 F. Supp. 3d 30, 40 (D.D.C. 2014) ("Questions of statutory interpretation involving local statutes are best resolved in the first instance by the local courts."); *see also Runnymede-Piper v. District of Columbia*, 952 F. Supp. 2d 52, 61 (D.D.C. 2013) ("[T]he District of Columbia Superior Court would naturally have greater familiarity and interest in the issues that remain."). Accordingly, the Court declines to exercise supplemental jurisdiction over Ms. Chambers' remaining claims, and it will grant her Motion to Remand.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part without prejudice Capital One's Motion to Dismiss, ECF No. 4, and grants Ms. Chambers' Motion to Remand, ECF No. 8.

A separate order will issue.

 

_____

SPARKLE L. SOOKNANAN
United States District Judge

Date:   April 3, 2026